OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*772 The Sheriff of the City of New York, pursuant to an order of attachment issued in a litigation between Artoc Bank & Trust Limited and a third party, levied upon an account of Artoc and collected money in a sum in excess of $8,000,000. The Sheriff deposited this money into an interest-bearing account. Thereafter the underlying litigation was settled. The settlement agreement provided that the Sheriff was to transfer $6,000,000 of the funds in the Sheriff’s account to the third party, and the balance, after deduction of the Sheriff’s "allowable poundage and fees,” was to be returned to Artoc. The Sheriff deducted 5% of the $6,000,000 collected for the third party (i.e., $300,000) as allowable poundage under CPLR 8012 (b) (1). Artoc brought this conversion action against the Sheriff claiming that because the underlying litigation was settled, the Sheriff’s allowable poundage was limited to 5% of $1,000,000 (i.e., $50,000) by the provisions of CPLR 8012 (b) (3). Supreme Court granted Artec’s motion for summary judgment and denied the Sheriff’s cross motion for summary judgment, holding that the Sheriff was limited to a $50,000 poundage. The Appellate Division unanimously affirmed, without opinion.
CPLR 8012 (b) (3) provides for a statutory limit ($1,000,000) on the amount upon which a Sheriff’s poundage shall be computed in the event that a settlement is made after a levy by virtue of an order of attachment. The Legislature has determined that, in all cases which have been settled, there should be a limit upon the fees which would otherwise be unreasonably large (see, Stojowski v Banque de France, 294 NY 135, 145). Accordingly, notwithstanding that the Sheriff, having made a collection of money by virtue of an order of attachment, would have otherwise been entitled to poundage under CPLR 8012 (b) (1), because there has been a settlement of the underlying litigation here, the Sheriff’s poundage is subject to the statutory limit provided for in CPLR 8012 (b) (3).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, without costs, in a memorandum.